UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CARLETON BUCK,

        Plaintiff,

                                Case No: 16-14368
v.                               Honorable Linda V. Parker

CITY OF HIGHLAND PARK, A
Municipal Corporation, SGT. CURTIS
WHITE and OFFICER HEATHER
HOLCOMB,

        Defendants.
_____

**OPINION AND ORDER GRANTING DEFENDANTS' MOTION FOR
JUDGMENT ON THE PLEADINGS [ECF NO. 15]**

      This is a civil action filed under 42 U.S.C. § 1983 and related state law

claims involving a shooting at the Gold Nugget, a store located in the City of

Highland Park.  Plaintiff Carleton Buck ("Plaintiff") is a civilian who entered the

Gold Nugget during an active robbery situation.  Defendants Sergeant Curtis White

("Defendant Curtis") and Officer Heather Holcomb ("Defendant Holcomb")

responded to the silent alarm at the store.  Plaintiff brought this action against

Defendants Curtis, Holcomb, and the City of Highland Park, where the officers

were employed.

Plaintiff's complaint includes four counts: (1) gross negligence against Defendant White; (2) failure to train against the City of Highland Park pursuant to 42 U.S.C. § 1983; (3) gross negligence against Defendant Holcomb and (4) constitutional violation of bodily integrity under color of law against Defendant Holcomb. (ECF No. 1.)

Presently before the Court are four motions: (1) Defendants' motion for judgment on the pleadings, filed pursuant to Federal Rule of Civil Procedure 12(c) on December 22, 2016 (ECF No. 15); (2) Defendants' motion for protective order (ECF No. 6); (3) motion to compel and extend discovery (ECF No. 12); and (4) motion to file supplemental authority regarding the motion to dismiss (ECF No. 20).[1] The motion has been fully briefed. The Court finds the legal arguments adequately presented in the parties' papers such that the decision-making process would not be significantly aided by oral argument. Therefore, the Court is dispensing with oral argument with respect to the motions pursuant to Eastern District of Michigan Local Rule 7.1(f)(2). For the reasons that follow, the Court is granting Defendants' motion to dismiss and denying as moot the remaining motions.

---

[1] The motion for protective order and motion to compel and extend discovery were filed with a state court caption. This Court has jurisdiction over this matter pursuant to 42 U.S.C. § 1983 and therefore interprets the caption as an error.

## I.    Applicable Standards

A motion for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c) is subject to the same standards of review as a Rule 12(b)(6) motion to dismiss for failure to state a claim upon which relief can be granted. *Grindstaff v. Green*, 133 F.3d 416, 421 (6th Cir. 1998). A motion to dismiss pursuant to Rule 12(b)(6) tests the legal sufficiency of the complaint. *RMI Titanium Co. v. Westinghouse Elec. Corp.*, 78 F.3d 1125, 1134 (6th Cir. 1996). Under Federal Rule of Civil Procedure 8(a)(2), a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." To survive a motion to dismiss, a complaint need not contain "detailed factual allegations," but it must contain more than "labels and conclusions" or "a formulaic recitation of the elements of a cause of action . . .." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A complaint does not "suffice if it tenders 'naked assertions' devoid of 'further factual enhancement.' " *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 557).

As the Supreme Court provided in *Iqbal* and *Twombly*, "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' " *Id.* (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is

liable for the misconduct alleged." *Id*. (citing *Twombly*, 550 U.S. at 556). The plausibility standard "does not impose a probability requirement at the pleading stage; it simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of illegal [conduct]." *Twombly*, 550 U.S. at 556.

In deciding whether the plaintiff has set forth a "plausible" claim, the court must accept the factual allegations in the complaint as true. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). This presumption is not applicable to legal conclusions, however. *Iqbal*, 556 U.S. at 668. Therefore, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id*. (citing *Twombly*, 550 U.S. at 555).

Ordinarily, the court may not consider matters outside the pleadings when deciding a Rule 12(b)(6) motion to dismiss. *Weiner v. Klais & Co., Inc.*, 108 F.3d 86, 88 (6th Cir. 1997) (citing *Hammond v. Baldwin*, 866 F.2d 172, 175 (6th Cir. 1989)). A court that considers such matters must first convert the motion to dismiss to one for summary judgment. *See* Fed. R. Civ. P 12(d). However, "[w]hen a court is presented with a Rule 12(b)(6) motion, it may consider the [c]omplaint and any exhibits attached thereto, public records, items appearing in the record of the case and exhibits attached to [the] defendant's motion to dismiss, so long as they are referred to in the [c]omplaint and are central to the claims contained therein." *Bassett v. Nat'l Collegiate Athletic Ass'n*, 528 F.3d 426, 430 (6th Cir. 2008). Thus,

a court may take judicial notice of "other court proceedings" without converting a motion to dismiss into a motion for summary judgment. *Buck v. Thomas M. Cooley Law Sch.*, 597 F.3d 812, 816 (6th Cir. 2010) (citing *Winget v. J.P. Morgan Chase Bank, N.A.*, 537 F.3d 565, 575 (6th Cir. 2008)).

## II.    Background

On October 10, 2009, Plaintiff Carleton Buck parked in front of the Gold Nugget on Woodward Avenue, Highland Park, behind a police vehicle. (Compl. ¶ 17.) The police vehicle was occupied by Defendants White and Holcomb, who were responding to a silent alarm that had been activated by an employee of the Gold Nugget. (*Id.* ¶ 19.) Defendant Holcomb was "looking through the clear front glass windows" of the store as Plaintiff exited his vehicle. (*Id.* ¶ 21.) Defendant White and Plaintiff exchanged pleasantries outside the Gold Nugget. (*Id.* ¶ 23.)

Plaintiff, Defendant White and Defendant Holcomb entered the store. Shortly after they entered, one of the robbers started shooting at Defendant White and struck him in his left arm. (*Id.* ¶ 40.) Defendant Holcomb began shooting at the robber, as the robber ran through the front door and onto the sidewalk. (*Id.* ¶ 43.) Plaintiff alleges that as she returned fire at the robber, Defendant Holcomb shot him twice in the buttocks. (*Id.* ¶ 44.) Plaintiff states that the bullets "fractured his lower spinal column (coccyx), broke into several fragments, and are still lodged in his body." (*Id.* ¶ 45.)

Plaintiff criticizes how Defendants White and Holcomb responded to the silent alarm. First, Plaintiff states that Defendants White and Holcomb did not advise him that they were responding to a silent robbery and therefore, Plaintiff should leave the area due to safety concerns. (*Id.* ¶ 24.) Second, Defendant White did not establish a perimeter with crime scene tape. (*Id.* ¶ 25.) Third, Defendant White parked the vehicle outside the store, making it probable that the robbers saw the squad car outside the store and hid in response. Fourth, Defendant White was not wearing a safety vest "as required when responding to the scene of an active ongoing armed robbery in progress[.]" (*Id.* ¶ 41.)

Defendants filed their motion to dismiss on December 22, 2016. Defendants first argue that Defendant Holcomb is barred from liability because of the applicable statute of limitations. (ECF No. 15 at Pg ID 372.) In the alternative, Defendants contend that Defendant Holcomb is entitled to qualified immunity. (*Id.* at Pg ID 374.) Third, Defendants argue that Plaintiff has failed to state a claim against the City of Highland Park because Plaintiff cannot establish an underlying constitutional violation as required by 42 U.S.C. § 1983. (*Id.* at Pg ID 382.) Defendants also allege that Plaintiff has not established a failure to train by the City of Highland Park. (*Id.*) Fourth, Defendants state that Plaintiff has failed to state a viable claim under the Michigan Constitution. (*Id.* at Pg ID 383.) Fifth,

Defendants allege that Plaintiff has failed to state a claim for gross negligence against Defendant White. (*Id.* at Pg ID 384.)

In the opposition brief, Plaintiff makes several arguments. First, Plaintiff contends that this Court cannot grant a motion to dismiss in this matter because it would require believing Defendants' set of facts, rather than the facts presented in Plaintiff's second amended complaint. (ECF No. 17 at Pg ID 407.) Second, Plaintiff argues that any statute of limitations requirement should be waived because Defendant Holcomb is a necessary party to the case. (*Id.* at Pg ID 405.) Third, Plaintiff argues that it has not alleged a state-created danger theory, and therefore the Court cannot dismiss a claim the Plaintiff has not presented to the Court. (*Id.* at Pg ID 416.)

## III. Applicable Law and Analysis

### A. Statute of Limitations

The Supreme Court in *Wilson v. Garcia* stated that claims brought under 42 U.S.C. § 1983 "are best characterized as personal injury actions." 471 U.S. 261, 280 (1985)*, abrogated on other grounds by Jones v. R.R. Donnelley Sons Co.*, 541 U.S. 369 (2004). The *Wilson* Court then held that the appropriate statute of limitations period to be applied in § 1983 cases is the state statute of limitations governing for personal injury. *Id*; *see also Carroll v. Wilkerson*, 782 F.2d 44, 45 (6th Cir. 1983), *cert denied*, 479 U.S. 923 (1986). The statute of limitations for

personal injury claims in Michigan is three years. Mich. Comp. Laws §
600.5805(10) ("[T]he period of limitations is 3 years after the time of the death or
injury for all actions to recover damages for the death of a person, or for injury to a
person or property"); *see also Carroll*, 782 F.2d 45 (holding that Michigan's three-
year statute of limitations for personal injury claims governs section 1983 actions
when cause of action arises in Michigan). In this case, the applicable statute of
limitations for the § 1983 claim against Defendant Holcomb for violation of bodily
integrity under color of law is three-years since the cause of action arose in
Michigan.

Plaintiff has also raised a gross negligence claim against Defendant
Holcomb. Under Mich. Comp. Laws § 600.5805(7), "[t]he period of limitations is
2 years for an action against a sheriff charging misconduct or neglect of office by
the sheriff or the sheriff's deputies."

The incident that gave rise to this complaint occurred on October 10, 2009.
Plaintiff filed his initial action in state court on August 17, 2012. (ECF No. 1 at Pg
ID 8.) However, Defendant Holcomb was not named as a defendant in this action
until the Second Amended Complaint was filed on December 5, 2016—well
beyond the limitations period. (*Id.* at Pg ID 34.)

Plaintiff argues that Defendant Holcomb is a necessary party, and thus can
be added at a later time "without regard to the statute of limitations." (ECF No. 17

at Pg ID 402.)  Plaintiff relies on *Graham v. Foster*, a paternity case, for support.

874 N.W.2d 355 (Mich. Ct. App. 2015), *aff'd in part and vacated in part*, 893

N.W.2d 919 (Mich. Apr. 7, 2017).

In *Graham*, the plaintiff, the putative father of a child not married to

defendant mother, filed an action under the Revocation of Paternity Act, Mich.

Comp. Law § 722.1437.  *Id.*  The Michigan Court of Appeals remanded the case

back to the trial court because it held that the husband of defendant mother was a

necessary party to the action, even though the statute of limitations had expired.

*Id.* at 359.  The Court of Appeals primarily relied on two cases: *Amer v. Clarence*

*A. Durbin Assoc.*, 273 N.W.2d 588 (1978) and *O'Keefe v. Clark Equip. Co.*, 307

N.W.2d 343 (1981).  In *Amer* and *O'Keefe*, the courts found the necessary party

exception did not apply; therefore, the statute of limitations barred the action.

The defendant mother in *Graham* appealed the appellate decision to the

Michigan Supreme Court.  In a decision issued on April 7, 2017, the Michigan

Supreme Court vacated the appellate court's determination on whether the husband

may avail himself of a statute of limitations defense.  The Michigan Supreme

Court stated that the husband should first be added as a party to the action and then

be given an opportunity to litigate the issue of whether he is a necessary party that

must be joined, despite the limitations period.  *Graham v. Foster*, 893 N.W.2d at

322.  Further, the Michigan Supreme Court notes that the appellate court's decision

in *Graham* "appears to be the first case in either [the Michigan Supreme Court] or the Court of Appeals in which the [necessary party] exception has ever actually been applied." *Id.*

This case, unlike *Graham*, is a civil rights action; not a paternity action. Plaintiff has failed to show this Court a basis for extending the exception in this matter. Therefore, this Court finds that the statute of limitations bars Plaintiff's claims against Defendant Holcomb. Therefore, Count III and Count IV of Plaintiff's Second Amended Complaint are dismissed under Mich. Comp. Laws § 600.5805(7) and (10).

### B. Municipal Liability

Under *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658 (1978), a municipality may be held liable for the deprivation of a plaintiff's constitutional rights only where the deprivation results from an official custom or policy of the municipality. Pursuant to *Monell* and its progeny, municipal liability attaches only, "when execution of [the] government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury," *Monell*, 436 U.S. at 694, and there is an "affirmative link between the policy and the particular constitutional violation alleged," *Oklahoma City v. Tuttle*, 471 U.S. 808, 823. *See Bennett v. City of Eastpointe*, 410 F.3d 810, 818-19 (6th Cir. 2005).

Plaintiff alleges that Defendant City of Highland Park is liable because Defendant Holcomb, an employee of the city, "violated plaintiff's constitutional right to maintain his bodily integrity against intrusions" and "was 'the' proximate caused [*sic*] plaintiff's injuries." (ECF No. 1 ¶ 93.) In particular, Plaintiff argues that the constitutional violation of his bodily integrity occurred when Defendant Holcomb shot "the armed robber with plaintiff clearly visible in her 'line of sight' or 'line of fire.'" (*Id.*)

As the Court stated above, Defendant Holcomb's actions are barred by the statute of limitations. Because her shooting at the armed robber while plaintiff was nearby is the basis of the alleged underlying constitutional violation, Plaintiff's claim against the City of Highland Park also fails.

Plaintiff has also asserted a failure to train claim against Defendant City of Highland Park. The Sixth Circuit has established that a plaintiff must prove the following to prevail on a failure to train or supervise claim:

> (1) the training or supervision was inadequate for the tasks performed; (2) the inadequacy was the result of the municipality's deliberate indifference; and (3) the inadequacy was closely related to or actually caused the injury. We have further elaborated that, "[t]o show deliberate indifference, Plaintiff[s] must show prior instances of unconstitutional conduct demonstrating that the [city] has ignored a history of abuse and was clearly on notice that the training in this particular area was deficient and likely to cause injury."

*Marcilis v. Twp. of Redford*, 693 F.3d 589, 605 (6th Cir. 2012) (quoting

*Plinton v. Cnty. of Summit*, 450 F.3d 459, 464 (6th Cir. 2008)).

Here, Plaintiff alleges that Defendant City of Highland Park (1) failed

to maintain a policy academy to train its officers in responding to violent

crimes for over 25 years; (2) "did not provide its police officers with

firearms…nor instruct it [*sic*] officers in the proper use and care of their

service firearms"; (3) did not train its officers on the constitutional limits of

deadly force; and (4) did not require its police officers to undergo periodic

written testing.  (ECF No. 1 ¶¶ 71-84.)  Because of this alleged failure to

train, Defendants White and Holcomb proximately caused Plaintiff's injury,

in violation of Plaintiff's constitutional rights.  (*Id.* ¶¶ 86, 92.)  However,

Plaintiff fails to show a link between the deficient training and the alleged

constitutional violation.  *See Polk Cnty. v. Dodson*, 454 U.S. 312, 326

(1981) (dismissing plaintiff's claim where "he failed to allege that this

deprivation was caused by any constitutionally forbidden rule or

procedure").  Rather, Plaintiff's complaint makes conclusory allegations

about the City's failure to train policies.

Further, to establish deliberate indifference, Plaintiff was required to

plead prior instances of unconstitutional conduct.  Plaintiff has not listed any

prior instances of unconstitutional conduct by Defendant City of Highland

Park that are a result of the City's policies.  The Court therefore dismisses

Count II of Plaintiff's complaint.

**C.    Gross Negligence Against Defendant White**

Plaintiff's remaining claim alleges that Defendant White was grossly

negligent during the course of the incident.  In particular, Plaintiff contends that

Defendant White should not have allowed Plaintiff to enter the Gold Nugget while

responding to an armed robbery.  (ECF No. 1 ¶ 59.)  Plaintiff argues that because

Defendant White allowed him to enter the store, he was "grossly negligent and

deliberately indifferent to the constitutional injury that was likely to occur to

plaintiff standing in close proximity to police officers[.]"  (ECF No. 1 ¶ 39.)

Plaintiff makes a number of other criticisms of Defendant White's response to the

silent alarm.  (*Id.* ¶ 61.)  Defendants argue that Plaintiff has failed to establish

proximate cause.

Under Mich. Comp. Laws § 691.1407(1), aside from certain exceptions, "a

governmental agency is immune from tort liability if the governmental agency is

engaged in the exercise or discharge of a governmental function."  Governmental

immunity is also provided to individual employees engaged in the exercise or

discharge of a governmental function.  *Beals v. Michigan*, 871 N.W.2d 5 (Mich.

2015).  "An employee of a governmental agency acting within the scope of his or

her authority is immune from tort liability unless the employee's conduct amounts

to gross negligence that is the proximate cause of the injury." *Kendricks v. Rehfield*, 716 N.W.2d 623, 625 (Mich. Ct. App. 2006); *see also* Mich. Comp. Laws § 691.1407(2). To establish proximate cause, the employee's gross negligence must be "the one most immediate, efficient, and direct cause of the injury or damage." *Robinson v. Detroit*, 613 N.W.2d 307, 319 (Mich. 2000).

In this matter, Plaintiff's injury was the result of two gunshots, which were fired by Defendant Holcomb. Plaintiff seems to allege that Defendant White is the proximate cause of his injury because Defendant Holcomb's decision to fire her gun was in response to an armed robber shooting Defendant White. However, the case law makes clear that for a government official to be found grossly negligent, the official must be the "most immediate, efficient, and direct cause" of the plaintiff's injury. Defendant White is, at most, an indirect cause of plaintiff's injury. Therefore, Plaintiff's claim against Defendant White for gross negligence also fails.

## IV.    Conclusion

For the reasons stated above, the Court is granting Defendants' motion for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c). The remaining pending motions are dismissed as moot.

**Accordingly**,

**IT IS ORDERED** that Defendants' motion for judgment on the pleadings, filed pursuant to Federal Rule of Civil Procedure 12(c) (ECF No. 15) is **GRANTED**;

**IT IS FURTHER ORDERED** that Defendants' motion for protective order (ECF No. 6) is **DENIED AS MOOT**;

**IT IS FURTHER ORDERED** that Defendants' second motion to dismiss (ECF No. 7) is **DENIED AS MOOT;**

**IT IS FURTHER ORDERED** that Plaintiff's motion to compel and extend discovery (ECF No. 12) is **DENIED AS MOOT;**

**IT IS FURTHER ORDERED** that Plaintiff's motion to file supplemental authority regarding the motion to dismiss (ECF No. 20) is **DENIED AS MOOT**; and

**IT IS FURTHER ORDERED** that Plaintiff's Second Amended Complaint is dismissed.

s/ Linda V. Parker
LINDA V. PARKER
U.S. DISTRICT JUDGE

Dated: August 23, 2017

I hereby certify that a copy of the foregoing document was mailed to counsel of record and/or pro se parties on this date, August 23, 2017, by electronic and/or U.S. First Class mail.

s/ R. Loury
Case Manager